From: Bawer Aksal #64705-050
LSCI Allenwood
PO BOX 1000
White Deer, PA 17887

To: Hon. Judge Brian R. Martinotti
    c/o Clerk of Court
    50 Walnut ST
    MLK Jr. Fed Court Bldg.
    Newark NJ  07102

In RE: REQUESTING ASSISTANCE WITH RRC/HOME CONFINEMENT FOR COMPASSIONATE RELEASE FOR THE LAST FOUR (4) MONTHS OF PRISON TIME I HAVE LEFT.

Date: 8/12/2019

Dear Honorable Judge Martinotti:

    I am writing today to request your assistance and to obtain fair consideration for a combination of home confinement/compassionate release for the final four months of my term of incarceration for the reason of a medical condition that I have learend through biopsy that I have Multiple Myeloma which is a type of blood cancer, among which symptoms include extreme bone, chest, and back fatigue and pain. It needs to be treated as soon as possible otherwise it can be deadly.

    First and foremost, I have no prior criminal history. I was CEO for an apparel company in N.J. prior to my term of incarceration. I was on home confinement and the Court specifically found that I posed no danger to the community. During my term of incarceration, I have maintained clear conduct; with no incident reports or write-ups for six (6) years that I have been in prison. I have no detainers; and a stable home.

    The above facts, combined with the additional information that I am a college graduate, have a 9 year-old daughter to look after; which makes me a minimal-risk inmate.

    In March of 2019 when I first experienced my symptoms, I went to the medical facility here at Allenwood and told my Physician's Assistant (P.A.) that I was in a great deal of pain, but he refused to examine me and for three weeks in a row I was sent back to my unit. Finally when I was seen by my P.A. I was told to just take some pain killers, it will go away.

    On May 14, 2019, I passed out in the bathroom and hit my head on toilet/ urinal after falling and was taken to the medical center where I was not attended

1

to for fifteen (15) minutes. I passed out 2 times in medical as well before a P.A. finally came out accusing me of faking my illness and looking for pills. I begged P.A. to send me outside to see the specialist, but instead they called 2 Lieutenants who handcuffed me and threw me half-conscious int the SHU (Segregated Housing Unit), breaking my 2 right ribs (See Exhibit A).

After that incident, I filed administrative remedy papers on medical staff and two Lieutenants, the medical facility manager and P.A. Since I filed administrative remedies against Allenwood Institution, I have been retaliated against by different staff members who are constantly searching my cell. I have been called (specifically by 2 C.O.s) a "big baby" and a coward, in addition to statements like, "Had I known about your case, I would have done something to you that involved a brick;" as well as being told that I had better stop writing up the staff.

One day as I was entering the chowhall, the Lt. was pointing me out to other C.O.s.

I. RRC/HOME CONFINEMENT

I have spoken to my case manager, Ms. Hause, who has refused to extend me my 6 months RRC/6 months home confinement. When I told her about the new law (First Step Act Section 602 - speaking of home confinment and the updated 2019 Guidance on applying home confiment under this Act, in which the Bureau stated it "interprets the language of F.S.A to refer inmates that have lower risks of re-offending in the community and re-entry needs that can be addressed without RRC placement); Ms. Hause responded by saying, "I don't care about Congress or Sentate laws they have passed...I decide whether to give you RRC or home confinement, so go ahead and appealmy decision."

Ms. Hause told me that she has put Public Safety Factor (PSF) on me, therefore I will not receive home confinement or RRC. I knew right away that she was retaliating against me because I had filed administrative rememdies against medical staff.

Ms. Hause also retaliated against many other inmates, including an African American inmate named Mr. Nyene Baker. Mr. Baker also had a lot of problems with medical staff; in fact it was the same P.A. (Mr. Andruzzi) and same Lt's. Ms. Hause retaliated against Mr. Baker by putting Management Variable (MGTV) on him and taking away his camp eligibility-status. After Mr. Baker wrote to Hon. Cory Booker, Mr. Booker's office investigated and found Ms. Hause misusing her power. The management variable was removed and Mr. Baker had

2

his camp eligibility restored.

Mr. Baker is my witness, as he saw what prison officials did to me. I have other witnesses as well, but will not name them as I feel it is unwarranted at this time; otherwise they will be retaliated against and lose their camp eligibility as well, or ability to transfer to another prison.

After I wrote a letter to Hon. Cory Booker and c.c.'d it to the Warden, Ms. Hause provided me with my 7 days Good Conduct Time (GCT) which she was initially refusing to provide me as well.

In the six years that I have been here created problems for me but nothing else. Now she took my 3 months of RRC. In this prison if you make one complaint about staff, everyone else retaliates against you. Because everyone is either related or friends.

In the First Step Act, all inmates are eligible for home confinement. RRM staff should consider this option for appropriate inmates to the maximum extent possible. Id. and under 18 U.S.C. §3624(c) the Director is not limited to just 6 months.

Here, I have done most of my time and have only 4 months left. All I am asking is that I be considered for four (4) months Home Confinement or Four (4) months Compassionate Release so that I can start my cancer treatment at my home in N.J. among my loved ones.

II. COMPASSIONATE RELEASE

The BOP is permitted to consider an inmate early based on medical circumstances as part of the compassionate release; 18 USC §3582(c)(1)(A) and 18 USC §4042(g).

In addition to the above, Aksal was recently diagnosed with M. Myeloma, a type of blood cancer. Chemotherapy is the prescribed treatment plan. Chemotherapy can have devastating effects on the body, and a prison is not the place to undergo such treatment.

Recently, Ms. Hause and Warden (D.K. White) have denied my compassionate release request. The reason they denied my request was because medical staff has not approved the compassionate release. This morning on 8/13/2019, I went to see my P.A. Ms. Gore and Doctor Miller, and asked them if they have made such decision. The answer was "no."

Also, my oncologist Dr. Kumar who has been doing all of the biopsies told me that he would recommend me for four (4) months of compassionate release so that I can have my cancer treatment at my own home, thus making my recovery much easier.

3

The Warden and Ms. Hause's decision was based on other lies and retaliation against me. Your Honor, you are the only person who can put a stop to their greediness and unlawfulness. Inmates' lives should come before any bonuses, business and discrimination.

For the foregoing reasons, I request help from you, Hon. Judge Martinotti and your office for any help you can extend to me regarding 4 months of home confinement or 4 months of compassionate release so that I can deal with my cancer treatment at my home in New Jersey.

Sincerely,

*B. Aksal*

Bawer Aksal