**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BAWER AKSAL,<br><br>　　　　　　Defendant. | Case No. 2:12-cr-00577 (BRM)<br><br>**OPINION**<br>**(REDACTED)** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Bawer Aksal's ("Defendant") Motion to Terminate Supervised Release. (ECF No. 148.) The Government opposed (ECF No. 155), and Defendant replied (156). Having reviewed the parties' submissions filed in connection with the Motion and having held oral argument on December 8, 2021 pursuant to Federal Rule of Civil Procedure 78(a), for the reasons set forth below, the Motion is **DENIED**.

**I.   BACKGROUND**

On August 21, 2012, Defendant was charged with violating 18 U.S.C. § 2242(2) for knowingly and intentionally engaging in a sexual act with another person while that "person was incapable of appraising the nature of the conduct and physically incapable of declining participation in, and communicating unwillingness to engage in, the sexual act." (ECF No. 1.) Defendant was indicted on this charge on August 30, 2012. (ECF No. 11.) On November 29, 2012, the Government filed a Superseding Indictment amending the charge of sexual abuse and adding a second count of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2). (ECF No. 29.) On January 17, 2013, the Government filed a Second Superseding Indictment. (ECF No. 32.)

On July 19, 2013, a jury found Defendant guilty of committing: (1) sexual abuse in violation of 18 U.S.C. § 2242(2), and (2) criminal sexual contact in violation of § 2244. (ECF Nos. 66, 68.) On January 29, 2014, Defendant was sentenced to imprisonment for a term of 97 months, supervised release for a term of three years, a special assessment of $200 and restitution in the amount of $1142.27. (ECF Nos. 95, 103.)

On February 6, 2014, Defendant appealed the judgment and sentence. (ECF No. 96.) He challenged whether the sentence imposed was greater than necessary to comply with the purposes of sentencing. (Op. (ECF No. 130-1) at 7.) The Third Circuit affirmed on December 16, 2015. (ECF Nos. 129, 130.) The Third Circuit reviewed Defendant's sentence for reasonableness and concluded "[t]he record demonstrates that the District Court undertook a thorough and meaningful analysis of the sentencing factors under 18 U.S.C. § 3553 and properly imposed a bottom-of-the-guidelines sentence." (ECF No. 130-1 at 7–8.)

On August 23, 2019, Defendant moved for compassionate release from the final four months of his term of incarceration due to a diagnosis of multiple myeloma, a type of blood cancer. (ECF No. 141.) The Court denied the motion on October 18, 2019, finding Defendant

> did not meet the criteria for compassionate release in that: his medical condition is not terminal; his medical condition does not substantially diminish his ability to provide self-care within the prison environment; the 3553 factors weigh against the defendant based on the serious nature of the counts of conviction in this case; and there is no showing of any other extraordinary or compelling reasons for an order of release.

(ECF No. 146 ¶ 4.)

On August 31, 2021, Defendant filed the current motion for early termination of supervised release. (ECF No. 148.) On October 25, 2021, the Government filed an opposition. (ECF No. 155.)

2

On October 29, 2021, Defendant filed a reply. (ECF No. 156.) The Court held oral argument on December 8, 2021.[1]

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. The statute provides, in relevant part:

> The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1). A court considering an application to terminate a term of supervised release must consider the following § 3553(a) factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (quoting *United States v. Davies*, 746 F. App'x 86, 88–89 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)). "District

---

[1] Following oral argument, the Court reserved on a decision to permit defense counsel to meet and confer with his client regarding the current application.

courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id.* (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (alteration in original) (internal quotation marks omitted)).

Following a consideration of these factors, a term of supervised release may be terminated prior to its expiration only if the sentencing court "is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* (citing 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). "Generally, early termination of supervised release under § 3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *Davies*, 746 F. App'x at 89 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *accord Melvin*, 978 F.3d at 53. "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

### III. DECISION

As of the date of his application, Defendant had approximately 18 months remaining of his supervised release term. As of the date of this opinion, Defendant has approximately 13 months remaining.

Defendant raises three arguments in support of the motion: (1) he has fulfilled his conditions of supervised release; (2) he has cancer; (3) he would like to travel to Turkey to visit his 84-year-old mother who is "unwell". (ECF No. 148 at 1–2, ¶¶ 3–4). In his reply brief, Defendant also argues termination of supervised release is warranted because he wants to "spend substantial time with his mother before either he or she become to [sic] frail or pass." (ECF No. 156 at 1.) He adds psychological disorders caused by stress, inability to see family, his cancer diagnosis and related circumstances would be ameliorated by "emotional support from his mother and family." (*Id.* at 1–2.) The Government argues Defendant has not met his burden of demonstrating that, after a consideration of the § 3553(a) factors, the Court should be satisfied that early termination is warranted by his conduct and in the interest of justice. (ECF No. 155.) The Court agrees with the Government.

First, his sentence has been reviewed twice before and has been deemed to be appropriate. In November 2015, the Third Circuit affirmed the sentence was not greater than necessary to comply with the purposes of sentencing. (ECF No. 130-1 at 7–8.) In August 2019, the Court considered the § 3553(a) factors and again concluded his sentence should not be reduced. (ECF No. 146.) Two years later, the Court's consideration of the § 3553(a) factors here does not yield a different result because Defendant has not argued or demonstrated an aspect of the seven factors is somehow different today than it was in 2019.

Second, the circumstances presented by Defendant in the motion are not "new or unforeseen." His mother's "twilight years" as he refers to them in his brief were foreseeable, and his cancer diagnosis is not new. (*See* ECF No. 141.) Defendant has not argued or demonstrated any change to the status of his cancer diagnosis that might be considered "new." Defendant raises mental health as a basis for commuting his supervised release term only in his reply, without

affording the Government an opportunity to respond. (ECF No. 156 at 1.) He annexes to his reply an Exhibit C, a letter from Tola Ogunsakin, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This information may be considered "new" information, but Defendant has proffered no support the mental health conditions he reports are a sufficient basis to terminate a term of supervised release prior to its expiration. Accordingly, the Court finds early termination is not warranted.

### IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Terminate Supervised Release (ECF No. is 148) is **DENIED**.[2]

 */s/ Brian R. Martinotti*  
 **HON. BRIAN R. MARTINOTTI**  
 **UNITED STATES DISTRICT JUDGE**

Dated:  February 15, 2022

---

[2] This Opinion is without prejudice to Defendant's right to seek permission for international travel from the U.S. Probation Office. However, the Court expresses no opinion as to Defendant's likelihood of success should he file a motion for such relief with the Court.